Margaret THOMPSON, Appellant,

v.

THE CITY OF DALLAS, Appellee.

No. 05–04–01174–CV.

Court of Appeals of Texas, Dallas.

June 22, 2005.

Rehearing Overruled Aug. 4, 2005.

Gary Johnson, Foreman Boudreaux Smith & Johnson, Dallas, for Appellant.

Johnanna Greiner, City of Dallas Atty., Barbara E. Rosenberg, Asst. City Atty., Dallas, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Margaret Thompson sued the City of Dallas for personal injuries sustained when she tripped and fell as she was walking across the floor at Dallas Love Field. Thompson appeals the trial court's order granting the City's plea to the jurisdiction based on sovereign immunity. In her sole issue, Thompson contends that the trial court erred in granting the plea because she raised a fact issue that the City had actual knowledge of the hazardous condition that caused her injuries and that the City waived sovereign immunity under the Texas Tort Claims Act. We reverse and remand.

## BACKGROUND

Thompson filed suit against the City for personal injuries she sustained when she tripped and fell while walking across the lobby of Dallas Love Field. She claimed that a metal threshold/coverplate that was not properly secured and was protruding upwards caused her to trip and injure her left shoulder. She ultimately underwent shoulder replacement surgery.

In her petition, Thompson asserted that the City waived its sovereign immunity under the Texas Tort Claims Act because (1) her injuries and damages were proximately caused by the wrongful act, omission, or negligence of one or more of the City's employees, agents or representatives and that her injuries and damages were caused by the condition or use of tangible personal or real property, and (2) the City's "failure to add a screw in the cover plate in question next to the seam to prevent it from protruding upwards constitutes a lack of an integral safety component which was the proximate cause of [Thompson's] injuries and damages." The City filed a plea to the jurisdiction alleging that because the City did not have actual knowledge of a defect in the metal threshold on which Thompson claimed to have tripped, Thompson's claim did not fall within a waiver of sovereign immunity under the Texas Tort Claims Act. The trial court granted the City's plea to the jurisdiction.

## PLEA TO THE JURISDICTION

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, a plea to the jurisdiction should not be granted and the fact finder should resolve the fact issue. *Id.* at 228.

However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction may be ruled on as a matter of law. *Id.*

■ We review a challenge to a trial court's subject matter jurisdiction de novo. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence that implicates the merits of the case has been submitted to support that plea, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

■ Under the Texas Tort Claims Act, a governmental unit's sovereign immunity is waived for personal injury "so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 2005). If the claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." § 101.022(a). Therefore, to recover against a governmental entity for a premises defect, when the plaintiff has not paid for use of the property, a plaintiff must prove that (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the owner actually knew of the condition, (3) the licensee did not actually know of the condition, (4) the owner failed to exercise ordinary care to protect the licensee from danger, and (5) the owner's failure was a proximate cause of the injury. *See State Dept. of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237(Tex.1992); *Corbin v. City of Keller,* 1 S.W.3d 743, 748 (Tex.App.-Fort Worth 1999, pet. denied).

■ Thompson contends that the trial court erred in granting the City's plea to the jurisdiction because she raised a fact issue that the City had knowledge of the dangerous condition caused by the coverplate. Thompson submitted depositions and other discovery in support of her response to the City's plea to the jurisdiction. She contends that the evidence shows that the coverplate loosened and worked upward over time, the coverplate was a tripping hazard, and there had been prior reports of tripping on the coverplate in question. She also states that because numerous City employees walked across the coverplate daily and were to inspect the coverplate as part of their job duties, the City's employees must have noticed the dangerous coverplate. The City argues that Thompson's evidence does nothing more than show that the City's employees "should have known" of the dangerous condition caused by the coverplate and does not constitute evidence of actual knowledge.

Several City employees testified in their depositions that, prior to Thompson's fall, they had not personally noticed that the coverplate was in a condition that would cause a tripping hazard and that they would have reported any hazardous condition they had noticed. Testimony revealed, however, that coverplates at the airport were routinely tightened to keep them secure, but through "normal wear and tear," the coverplate screws would become loose or their heads would break off. An operations officer and the facilities manager from Dallas Love Field both testified that they were not aware of anyone other than Thompson ever tripping on the coverplate. An answer to an interrogatory stated that a review of the building records from the three years prior to Thompson's

fall was conducted and that there were no reports of anyone other than Thompson tripping and falling over the coverplate. However, in its response to request for admission number 4, the City admitted that some of its employees testified that there had been prior reports of tripping somewhere on the coverplate in question in the past.

■ The City argues, and we agree, that evidence of the City's constructive knowledge of the condition of the coverplate cannot alone create a duty to warn Thompson of a dangerous condition or to make the condition reasonably safe. *See Barker v. City of Galveston*, 907 S.W.2d 879, 885 (Tex.App.-Houston [1st Dist.] 1995, writ denied). However, taking as true all of the evidence favorable to Thompson as nonmovant, including the City's admission that some of its employees knew of past reports of tripping on the coverplate in question, we conclude that the evidence submitted by the parties raises a fact issue on the City's actual knowledge. As a result, we hold that the trial court erred in granting the City's plea to the jurisdiction and sustain appellant's sole issue.

### CONCLUSION

Having sustained appellant's sole issue, we reverse the trial court's grant of the plea to the jurisdiction and remand the case for proceedings consistent with this opinion.