City of Arlington, Texas v. Robert Moore and Nat'l Am. Ins. Co.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-453-CV

CITY OF ARLINGTON, TEXAS APPELLANT

V.

ROBERT MOORE AND NATIONAL APPELLEES

AMERICAN INSURANCE COMPANY

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an interlocutory appeal by Appellant the City of Arlington from the trial court’s order denying its plea to the jurisdiction.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(8) (Vernon Supp. 2005).  Because we hold that Appellee Robert Moore
(footnote: 2) invoked the trial court’s subject matter jurisdiction by alleging facts and presenting jurisdictional evidence establishing a waiver of the City’s governmental immunity pursuant to the Texas Tort Claims Act (TTCA),
(footnote: 3) we will affirm the trial court’s order denying the City’s plea to the jurisdiction.

II.  Factual and Procedural Background

The City owns and operates Vandergriff Park, which is used primarily for public recreational facilities.  In May of 2001, the City hired Design Electric to replace the lamps in the ballpark’s light poles.  Moore, a licensed electrician employed by Design Electric, was in a bucket-truck backed up to a light pole when he placed his hand on the pole and was shocked.  According to Moore’s affidavit testimony, the shock caused both of Moore’s shoulders and the bones in his arms to “explode and disintegrate.”
(footnote: 4) 

Moore’s third amended original petition alleges in relevant part that the City “had actual knowledge that the defects within the lighting system created an unreasonably dangerous condition . . . and . . . failed to warn or make the premises safe from the concealed condition.”  
Concerning the City’s actual knowledge, Moore specifically alleged that “even after the maintenance manager later warned the electrician once more that the lighting system remained dangerous, the City failed to take any action just two weeks before Moore was shocked.”  
The City filed a plea to the jurisdiction asserting that 
it was immune from suit for tort liability because, among other things, it did not have actual knowledge of the dangerous condition.  The trial court denied the plea, and this appeal followed.  

III.  Standard of Review

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.  
Tex. Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999).  We review the trial court’s ruling on a plea to the jurisdiction based on immunity from suit under a de novo standard of review.  
Tex. Dep’t of Parks & Wildlife v. Miranda, 
133 S.W.3d 217, 226 (Tex. 2004)
; 
Tex. Natural Res. Conserv. Comm’n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002).  
The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993); 
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).  
When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence that implicates the merits of the case has been submitted to support the plea, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
Miranda, 
133 S.W.3d at 228; 
Thompson v. City of Dallas
, 167 S.W.3d 571, 574 (Tex. App.—Dallas 2005, pet. filed).  If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law.  
Miranda, 
133 S.W.3d at 228.  This procedure generally mirrors that of a summary judgment under rule of civil procedure 166a(c), and the burden is on the government to meet the summary judgment standard of proof.  
Id.
 This standard “protect[s] the plaintiffs from having to ‘put on their case simply to establish jurisdiction.’“  
Id.
 (quoting 
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000)).

IV.  Governmental Immunity

In its sole issue, the City complains that the trial court erred by denying its plea to the jurisdiction.  Specifically, the City contends that Moore failed to plead or prove that the City had actual knowledge that the light pole was a dangerous condition.

Governmental entities such as the City are immune from suit unless the legislature has expressly consented to the suit. 
 Jones,
 8 S.W.3d at 638
; 
Fed. Sign v. Tex. S. Univ.,
 951 S.W.2d 401, 405 (Tex. 1997).  
The TTCA provides a limited waiver of immunity, allowing suits to be brought against governmental agencies only in certain narrowly-defined circumstances.  
Tex. Dep’t of Criminal Justice v. Miller,
 51 S.W.3d 583, 587 (Tex. 2001)
; 
see also Dallas County MHMR v. Bossley,
 968 S.W.2d 339, 341 (Tex.) (“[T]he Legislature intended the waiver in the Act to be limited . . . .”), 
cert. denied,
 525 U.S. 1017 (1998).  A plaintiff must plead facts sufficient to invoke a waiver of the Act.  
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002); 
Univ. of N. Tex.
, 124 S.W.3d at 222.  We must look to the terms of the TTCA and then determine whether the liability theories pleaded, the facts pleaded, and the evidence presented demonstrate a claim within the TTCA’s waiver provisions.  
Univ. of N. Tex.
, 124 S.W.3d at 222.

The TTCA permits recovery against the State for injuries in three general circumstances, including (1) the use of publicly owned automobiles, (2) the condition or use of personal property, and (3) premises defects, or the condition of real property.  
County of Cameron
, 80 S.W.3d at 554.  Recovery for premises liability based on the condition of real property is further restricted by section 101.022, which in relevant part imposes upon the State the duty that a private landowner owes a licensee.  
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 101.022.  
That section provides that “if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.”  
Id. 
§ 101.022(a).  To establish liability for a premise defect under the TTCA, the plaintiff must plead and prove either willful, wanton, or grossly negligent conduct, or that the defendant had actual knowledge of the dangerous condition, the plaintiff did not, and the defendant failed to warn of the condition or make it safe.  
See State Dep’t of Highways & Pub. Transp. v. Payne
, 838 S.W.2d 235, 237 (Tex. 1992). 

Here, to establish a waiver of immunity, Moore was required to plead and to the extent necessary introduce jurisdictional evidence that (1) a condition of the premises created an unreasonable risk of harm to him, (2) the City actually knew of the condition, (3) Moore did not actually know of the condition,  (4) the City failed to exercise ordinary care to protect Moore from danger, and (5) the City’s failure was a proximate cause of Moore’s injury. 
 See City of Fort Worth v. Gay
, 977 S.W.2d 814, 819 (Tex. App.—Fort Worth 1998, no pet.) (citing
 Payne
, 838 S.W.2d at 237).  The City challenges—and thus, our inquiry focuses on—the second prong, whether the City actually knew of the condition. Actual, not constructive, knowledge is required.  
State v. Tennison
, 509 S.W.2d 560, 562 (Tex. 1974).  Actual knowledge requires proof that the City knew of the dangerous condition that caused the injury, not just proof that the City was aware of a related condition that might create danger at some time in the future.  
Prairie View A&M Univ. v. Brooks
, 180 S.W.3d 694, 707 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The dangerous condition that caused Moore’s injuries was the energized light pole.  William Randall Loveless, the City’s chief electrician, was a licensed master electrician in charge of electrical work at the ballpark.  On March 15, 2001, the City received a complaint that a child had been shocked by a light pole at the ballpark, and Loveless went to the ballpark to investigate the problem.  Loveless discovered that the hand hole cover was missing and that “some critter had gnawed the insulation off the wires . . . [that] evidently was causing the pole to energize.”
(footnote: 5)  Loveless cut the phase wires back, repaired and re-taped them, and wrapped rubber around them.  Loveless then fashioned a new hand hole cover out of sheet metal he kept in his truck, “pinched the ground wire between the cover and the plate,”
(footnote: 6) and attached the hand hole cover to the pole.  He energized the light and determined that the pole did not carry any voltage.  Loveless did not know of any other repairs made to the ballpark lights between the time he made his repairs and the time of Moore’s accident.  

The light pole that shocked Moore was the same one that Loveless had repaired two months earlier.  Samuel Lee Smith, a Design Electric employee, testified by affidavit that on May 15, 2001, he received a call that Moore had been shocked by a light pole at Vandergriff Park.  Smith testified that he went to the ballpark and inspected the wiring.  As Smith was leaving the park, a man wearing a City of Arlington shirt and driving a City truck pulled up and told Smith that he was the maintenance manager.  He said he was responding to a call that someone had been shocked and told Smith, “I cannot believe that this light pole wasn’t fixed previously.  I had told the electrician to do that two weeks ago.”  

The City argues that (1) we should not consider any of the evidence incorporated into Moore’s response to the plea to the jurisdiction—which includes Smith’s affidavit—because Moore did not introduce this evidence at the joint plea to the jurisdiction/summary judgment hearing and (2) because the statements in Smith’s affidavit are purportedly “hearsay statements regarding Arlington employees who are unidentified.”  The contentions by the City, even if correct, do not establish that the trial court erred by denying the City’s plea to the jurisdiction.

Moore’s third amended original petition pleaded that someone else had been shocked at the Park by the same light pole that shocked him, that repairs to that pole were attempted, that —on page five of the petition—“[i]ndeed, just two weeks prior to Moore’s [shock], a maintenance manager reported to the electrician that the pole [that shocked Moore] remained unsafe,” and that—on page eight of the petition—despite this warning two weeks before Moore was shocked, “the City failed to take action.”  We must accept as true the allegation in Moore’s petition that two weeks before he was shocked the City was informed that the pole that shocked him remained unsafe, unless the City conclusively controverts this jurisdictional fact or pleads and proves that Moore fraudulently made the allegation to confer jurisdiction. 
 See 
Miranda
, 133 S.W.3d at 227-28 (recognizing that trial court reviews relevant evidence submitted in connection with plea to the jurisdiction to determine if fact issue exists); 
City of Celina v. Blair, 
171 S.W.3d 608, 612 (Tex. App.—Dallas 2005, no pet.) (recognizing that plaintiffs’ “specific allegations suffice to raise a fact issue” as to the City’s control of the roadway and that the “City’s evidence did not address, let alone negate, the specific matters raised”); 
Univ. of N. Tex.
, 124 S.W.3d at 220 (recognizing that in plea to the jurisdiction trial court must accept the allegations in petition as true unless the defendant pleads and proves that the plaintiff fraudulently made the allegations to confer jurisdiction).

The City does not allege that Moore fraudulently made these allegations, and the evidence presented by the City in support of its plea to the jurisdiction does not controvert Moore’s factual allegation that, two weeks before Moore was shocked, a City maintenance manager reported to an electrician that the pole that shocked Moore remained unsafe.  The City’s evidence includes an affidavit from Loveless stating that he repaired the pole after the first shock in March 2001 and that he was not aware of any other problems with the pole “in March 2001.”  Loveless’s affidavit does not, however, state that he was unaware of any problems with the pole in April or May of 2001.  The City’s evidence also includes an affidavit from Warren Falgout, the electrician who repaired the pole after Moore was shocked, concerning the repairs made after Moore’s shock.  Finally, the City’s evidence includes various deposition excerpts, as well as evidence the City attached to its motion for summary judgment.  We have throughly reviewed all of this evidence, and it nowhere 
challenges Moore’s allegation that 
two weeks before Moore was shocked, a City maintenance manager reported to an electrician that the pole that shocked Moore remained unsafe.  For example, 
the City’s evidence does not include an affidavit from the City 
maintenance manager denying that he or she spoke with an electrician two weeks prior to when Moore was shocked about the pole in question.
(footnote: 7) 

Applying a de novo standard of review, construing Moore’s pleading liberally in his favor, and taking as true all evidence implicating the merits of the case that is favorable to Moore, the nonmovant, we hold that a genuine issue of material fact exists concerning the City’s actual knowledge of the dangerous condition.  
See Miranda
, 133 S.W.3d at 227-28 (noting that when fact question exists on the jurisdictional issue the trial court cannot grant the plea and that plea to jurisdiction procedure mirrors that of summary judgment); 
Thompson
, 167 S.W.3d at 574 (reviewing plea to the jurisdiction de novo); 
see also Dallas County v. Gonzales
, 183 S.W.3d 94, 98-99 (Tex. App.—Dallas 2006, pet. filed) (recognizing traditional summary judgment burdens of proof apply to plea to the jurisdiction when evidence is offered and recognizing defendant in both situations bears burden to conclusively disprove necessary fact).  Here, in light of Moore’s pleadings, the City simply failed to conclusively establish that it lacked actual knowledge.  Because a fact issue exists regarding whether the City had actual knowledge of the dangerous light pole, we hold that the trial court did not err by denying the City’s plea to the jurisdiction.  
See Thompson
, 167 S.W.3d at 574.  We overrule the City’s sole issue.

IV.  Conclusion

Having overruled the City’s sole issue, we affirm the trial court’s judgment denying the City’s plea to the jurisdiction and remand for further proceedings consistent with this opinion.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: June 1, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
National American Insurance Company, a workers’ compensation carrier for Moore’s employer, intervened in the lawsuit to assert a subrogation claim. Moore and National American filed a joint brief with this court, but for brevity, we will refer to both appellees as Moore.

3:
Id
. §§ 101.001–.109 (Vernon 2005 & Supp. 2005).

4:
Moore’s deposition excerpt further explains that he underwent four surgeries, including two surgeries to replace both of his shoulders. 

5:
Each ballpark light consisted of a metal pole attached to a concrete pier at its base and wires from underground that were joined together with wires running from the top of each pole at a junction in the pole.  There was a hand hole at each junction where the wires were joined.     

6:
The ground wire attached to a bolt that went through the hand hole cover, and the ground wire carried electricity back to the circuit breaker to trip the breaker if there was a short.    

7:
Evidence exists that Loveless worked with an apprentice electrician and that the City also employed a chief electrical inspector.