COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-453-CV

 

 

CITY OF ARLINGTON, TEXAS                                                APPELLANT

 

                                                   V.

 

ROBERT MOORE AND NATIONAL                                           APPELLEES

AMERICAN INSURANCE
COMPANY

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








This is an interlocutory appeal by Appellant the
City of Arlington from the trial court=s order
denying its plea to the jurisdiction.  See
Tex. Civ. Prac. & Rem. Code Ann.
'
51.014(a)(8) (Vernon Supp. 2005). 
Because we hold that Appellee Robert Moore[2]
invoked the trial court=s subject matter jurisdiction by
alleging facts and presenting jurisdictional evidence establishing a waiver of
the City=s
governmental immunity pursuant to the Texas Tort Claims Act (TTCA),[3]
we will affirm the trial court=s order
denying the City=s plea to the jurisdiction.

II.  Factual and Procedural Background

The City owns and operates Vandergriff Park,
which is used primarily for public recreational facilities.  In May of 2001, the City hired Design
Electric to replace the lamps in the ballpark=s light
poles.  Moore, a licensed electrician
employed by Design Electric, was in a bucket-truck backed up to a light pole
when he placed his hand on the pole and was shocked.  According to Moore=s
affidavit testimony, the shock caused both of Moore=s
shoulders and the bones in his arms to Aexplode
and disintegrate.@[4] 








Moore=s third
amended original petition alleges in relevant part that the City Ahad
actual knowledge that the defects within the lighting system created an
unreasonably dangerous condition . . . and . . . failed to warn or make the
premises safe from the concealed condition.@  Concerning the City=s actual
knowledge, Moore specifically alleged that Aeven after the
maintenance manager later warned the electrician once more that the lighting
system remained dangerous, the City failed to take any action just two weeks
before Moore was shocked.@  The City
filed a plea to the jurisdiction asserting that it was immune from suit for
tort liability because, among other things, it did not have actual knowledge of
the dangerous condition.  The trial court
denied the plea, and this appeal followed. 


III.  Standard of Review








A plea to the jurisdiction challenges the trial
court=s
authority to determine the subject matter of the action.  Tex. Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  We review the trial court=s ruling
on a plea to the jurisdiction based on immunity from suit under a de novo
standard of review.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004);
Tex. Natural Res. Conserv. Comm=n v. IT‑Davy, 74
S.W.3d 849, 855 (Tex. 2002).  The
plaintiff has the burden to plead facts affirmatively showing that the trial
court has jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); Univ. of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.CFort
Worth 2003, pet. denied).  When reviewing
a plea to the jurisdiction in which the pleading requirement has been met and
evidence that implicates the merits of the case has been submitted to support
the plea, we take as true all evidence favorable to the nonmovant and indulge
every reasonable inference and resolve any doubts in the nonmovant=s
favor.  Miranda, 133 S.W.3d at
228; Thompson v. City of Dallas, 167 S.W.3d 571, 574 (Tex. App.CDallas
2005, pet. filed).  If the evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, then
the trial court rules on the plea to the jurisdiction as a matter of law.  Miranda, 133 S.W.3d at 228.  This procedure generally mirrors that of a
summary judgment under rule of civil procedure 166a(c), and the burden is on
the government to meet the summary judgment standard of proof.  Id. This standard Aprotect[s]
the plaintiffs from having to >put on
their case simply to establish jurisdiction.=A  Id. (quoting Bland ISD v. Blue,
34 S.W.3d 547, 554 (Tex. 2000)).

IV.  Governmental Immunity

In its sole issue, the City complains that the
trial court erred by denying its plea to the jurisdiction.  Specifically, the City contends that Moore
failed to plead or prove that the City had actual knowledge that the light pole
was a dangerous condition.








Governmental entities such as the City are immune
from suit unless the legislature has expressly consented to the suit.  Jones, 8 S.W.3d at 638; Fed. Sign v.
Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  The TTCA provides a limited waiver of
immunity, allowing suits to be brought against governmental agencies only in
certain narrowly-defined circumstances.  Tex.
Dep=t of Criminal Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001); see also Dallas County MHMR v. Bossley, 968
S.W.2d 339, 341 (Tex.) (A[T]he Legislature intended the
waiver in the Act to be limited . . . .@), cert.
denied, 525 U.S. 1017 (1998).  A
plaintiff must plead facts sufficient to invoke a waiver of the Act.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002); Univ. of N. Tex., 124 S.W.3d at 222.  We must look to the terms of the TTCA and
then determine whether the liability theories pleaded, the facts pleaded, and
the evidence presented demonstrate a claim within the TTCA=s waiver
provisions.  Univ. of N. Tex., 124
S.W.3d at 222.








The TTCA permits recovery against the State for
injuries in three general circumstances, including (1) the use of publicly
owned automobiles, (2) the condition or use of personal property, and (3)
premises defects, or the condition of real property.  County of Cameron, 80 S.W.3d at
554.  Recovery for premises liability
based on the condition of real property is further restricted by section
101.022, which in relevant part imposes upon the State the duty that a private
landowner owes a licensee.  See Tex. Civ. Prac. & Rem. Code Ann. '
101.022.  That section provides that Aif a
claim arises from a premise defect, the governmental unit owes to the claimant
only the duty that a private person owes to a licensee on private property,
unless the claimant pays for the use of the premises.@  Id. '
101.022(a).  To establish liability for a
premise defect under the TTCA, the plaintiff must plead and prove either
willful, wanton, or grossly negligent conduct, or that the defendant had actual
knowledge of the dangerous condition, the plaintiff did not, and the defendant
failed to warn of the condition or make it safe.  See State Dep=t of
Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex.
1992). 








Here, to establish a waiver of immunity, Moore
was required to plead and to the extent necessary introduce jurisdictional
evidence that (1) a condition of the premises created an unreasonable risk of
harm to him, (2) the City actually knew of the condition, (3) Moore did not
actually know of the condition,  (4) the
City failed to exercise ordinary care to protect Moore from danger, and (5) the
City=s
failure was a proximate cause of Moore=s
injury.  See City of Fort Worth v. Gay,
977 S.W.2d 814, 819 (Tex. App.CFort
Worth 1998, no pet.) (citing Payne, 838 S.W.2d at 237).  The City challengesCand
thus, our inquiry focuses onCthe
second prong, whether the City actually knew of the condition.        Actual, not constructive, knowledge is
required.  State v. Tennison, 509
S.W.2d 560, 562 (Tex. 1974).  Actual
knowledge requires proof that the City knew of the dangerous condition that
caused the injury, not just proof that the City was aware of a related
condition that might create danger at some time in the future.  Prairie View A&M Univ. v. Brooks,
180 S.W.3d 694, 707 (Tex. App.CHouston
[14th Dist.] 2005, no pet.).








The dangerous condition that caused Moore=s
injuries was the energized light pole. 
William Randall Loveless, the City=s chief
electrician, was a licensed master electrician in charge of electrical work at
the ballpark.  On March 15, 2001, the
City received a complaint that a child had been shocked by a light pole at the
ballpark, and Loveless went to the ballpark to investigate the problem.  Loveless discovered that the hand hole cover
was missing and that Asome critter had gnawed the
insulation off the wires . . . [that] evidently was causing the pole to energize.@[5]  Loveless cut the phase wires back, repaired
and re-taped them, and wrapped rubber around them.  Loveless then fashioned a new hand hole cover
out of sheet metal he kept in his truck, Apinched
the ground wire between the cover and the plate,@[6] and
attached the hand hole cover to the pole. 
He energized the light and determined that the pole did not carry any
voltage.  Loveless did not know of any
other repairs made to the ballpark lights between the time he made his repairs
and the time of Moore=s accident.  

The light pole that shocked Moore was the same
one that Loveless had repaired two months earlier.  Samuel Lee Smith, a Design Electric employee,
testified by affidavit that on May 15, 2001, he received a call that Moore had
been shocked by a light pole at Vandergriff Park.  Smith testified that he went to the ballpark
and inspected the wiring.  As Smith was
leaving the park, a man wearing a City of Arlington shirt and driving a City
truck pulled up and told Smith that he was the maintenance manager.  He said he was responding to a call that
someone had been shocked and told Smith, AI cannot
believe that this light pole wasn=t fixed
previously.  I had told the electrician
to do that two weeks ago.@ 


The City argues that (1) we should not consider
any of the evidence incorporated into Moore=s
response to the plea to the jurisdictionCwhich
includes Smith=s affidavitCbecause
Moore did not introduce this evidence at the joint plea to the
jurisdiction/summary judgment hearing and (2) because the statements in Smith=s
affidavit are purportedly Ahearsay
statements regarding Arlington employees who are unidentified.@  The contentions by the City, even if correct,
do not establish that the trial court erred by denying the City=s plea
to the jurisdiction.








Moore=s third
amended original petition pleaded that someone else had been shocked at the
Park by the same light pole that shocked him, that repairs to that pole were
attempted, that Con page five of the petitionCA[i]ndeed,
just two weeks prior to Moore=s
[shock], a maintenance manager reported to the electrician that the pole [that
shocked Moore] remained unsafe,@ and
thatCon page
eight of the petitionCdespite this warning two weeks
before Moore was shocked, Athe City
failed to take action.@ 
We must accept as true the allegation in Moore=s
petition that two weeks before he was shocked the City was informed that the
pole that shocked him remained unsafe, unless the City conclusively controverts
this jurisdictional fact or pleads and proves that Moore fraudulently made the
allegation to confer jurisdiction.  See Miranda, 133 S.W.3d at 227-28 (recognizing
that trial court reviews relevant evidence submitted in connection with plea to
the jurisdiction to determine if fact issue exists); City of
Celina v. Blair, 171 S.W.3d 608, 612 (Tex. App.CDallas
2005, no pet.) (recognizing that plaintiffs= Aspecific
allegations suffice to raise a fact issue@ as to
the City=s
control of the roadway and that the ACity=s
evidence did not address, let alone negate, the specific matters raised@); Univ.
of N. Tex., 124 S.W.3d at 220 (recognizing that in plea to the jurisdiction
trial court must accept the allegations in petition as true unless the
defendant pleads and proves that the plaintiff fraudulently made the
allegations to confer jurisdiction).













The City does not allege that Moore fraudulently
made these allegations, and the evidence presented by the City in support of
its plea to the jurisdiction does not controvert Moore=s
factual allegation that, two weeks before Moore was shocked, a City maintenance
manager reported to an electrician that the pole that shocked Moore remained
unsafe.  The City=s
evidence includes an affidavit from Loveless stating that he repaired the pole
after the first shock in March 2001 and that he was not aware of any other
problems with the pole Ain March 2001.@  Loveless=s
affidavit does not, however, state that he was unaware of any problems with the
pole in April or May of 2001.  The City=s
evidence also includes an affidavit from Warren Falgout, the electrician who
repaired the pole after Moore was shocked, concerning the repairs made after
Moore=s
shock.  Finally, the City=s
evidence includes various deposition excerpts, as well as evidence the City
attached to its motion for summary judgment. 
We have throughly reviewed all of this evidence, and it nowhere challenges Moore=s allegation that two
weeks before Moore was shocked, a City maintenance manager reported to an
electrician that the pole that shocked Moore remained unsafe.  For example, the City=s evidence does
not include an affidavit from the City maintenance manager denying that
he or she spoke with an electrician two weeks prior to when Moore was shocked
about the pole in question.[7]


Applying a de novo standard of review, construing
Moore=s
pleading liberally in his favor, and taking as true all evidence implicating
the merits of the case that is favorable to Moore, the nonmovant, we hold that
a genuine issue of material fact exists concerning the City=s actual
knowledge of the dangerous condition.  See
Miranda, 133 S.W.3d at 227-28 (noting that when fact question exists on the
jurisdictional issue the trial court cannot grant the plea and that plea to
jurisdiction procedure mirrors that of summary judgment); Thompson, 167
S.W.3d at 574 (reviewing plea to the jurisdiction de novo); see also Dallas
County v. Gonzales, 183 S.W.3d 94, 98-99 (Tex. App.CDallas
2006, pet. filed) (recognizing traditional summary judgment burdens of proof
apply to plea to the jurisdiction when evidence is offered and recognizing
defendant in both situations bears burden to conclusively disprove necessary
fact).  Here, in light of Moore=s
pleadings, the City simply failed to conclusively establish that it lacked
actual knowledge.  Because a fact issue
exists regarding whether the City had actual knowledge of the dangerous light
pole, we hold that the trial court did not err by denying the City=s plea
to the jurisdiction.  See Thompson,
167 S.W.3d at 574.  We overrule the City=s sole
issue.








IV.  Conclusion

Having overruled the City=s sole
issue, we affirm the trial court=s
judgment denying the City=s plea to the jurisdiction and
remand for further proceedings consistent with this opinion.

 

SUE WALKER

JUSTICE

 

PANEL A:   CAYCE,
C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED: June 1, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]National American Insurance
Company, a workers= compensation carrier for Moore=s employer, intervened in the
lawsuit to assert a subrogation claim. Moore and National American filed a
joint brief with this court, but for brevity, we will refer to both appellees
as Moore.





[3]Id. '' 101.001B.109 (Vernon 2005 & Supp.
2005).





[4]Moore=s deposition excerpt further
explains that he underwent four surgeries, including two surgeries to replace
both of his shoulders. 





[5]Each ballpark light
consisted of a metal pole attached to a concrete pier at its base and wires
from underground that were joined together with wires running from the top of
each pole at a junction in the pole. 
There was a hand hole at each junction where the wires were joined.     





[6]The ground wire attached to a bolt
that went through the hand hole cover, and the ground wire carried electricity
back to the circuit breaker to trip the breaker if there was a short.    





[7]Evidence exists that Loveless
worked with an apprentice electrician and that the City also employed a chief
electrical inspector.