IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0787
════════════
 
City of Dallas, 
Petitioner,
 
v.
 
Margaret Thompson, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Respondent 
Margaret Thompson sued the City of Dallas, alleging that while walking through 
the lobby of Dallas Love Field airport she tripped on the lip of an improperly 
secured, metal, expansion-joint coverplate protruding up from the floor and 
fell, fracturing her shoulder. The trial court sustained the City’s plea to the 
jurisdiction based on governmental immunity, concluding that there was no 
evidence the City actually knew of the alleged protruding coverplate. The court 
of appeals reversed. 167 S.W.3d 571 (Tex. App.—Dallas 2005). We agree with the 
trial court.
The parties 
agree that the City is immune from suit unless there is evidence that it 
actually knew of the alleged protruding coverplate. See Tex. Civ. Prac. & Rem. Code 
§ 101.021 (“A governmental unit in the state is liable for 
. . . personal injury . . . caused by a condition 
. . . of . . . real property if the governmental unit would, 
were it a private person, be liable to the claimant according to Texas law.”); 
id. § 101.022(a) (stating that absent an exception not applicable here, 
“if a claim arises from a premise defect, the governmental unit owes to the 
claimant only the duty that a private person owes to a licensee on private 
property, unless the claimant pays for the use of the premises”); State Dep’t 
of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992) 
(stating that to establish liability for a premises defect, “a licensee must 
prove that: (1) a condition of the premises created an unreasonable risk of harm 
to the licensee; (2) the owner actually knew of the condition . . .”); 
see also State v. Tennison, 509 S.W.2d 560, 562 (Tex. 1974) 
(“Actual knowledge rather than constructive knowledge of the dangerous condition 
is required.”).
The evidence 
was this: The lobby area in which Thompson fell was well‑traveled, and 
passengers and City employees walked through the area daily, including the day 
of the fall. In the hours prior to Thompson’s fall, City employees had been in 
the area of the coverplate and probably had walked over it, but no one reported 
or observed the coverplate protruding from the floor. Accident logs reflected 
reports of tripping where Thompson did, but none for at least three years. The 
City knew that the coverplate could become loose and raise suddenly or over time 
with ordinary wear and tear, and when it did, City employees would tighten it. 
After Thompson fell, the City added a screw to the end of the coverplate where 
it was protruding.
Thompson 
argues that the fact that the coverplate could loosen and protrude over time 
made the coverplate itself, actually protruding or not, a dangerous condition, 
and the City’s knowledge of this periodic protrusion and the need for inspection 
and maintenance satisfied the requirement of actual knowledge. But we have held 
that the fact that materials deteriorate over time and may become dangerous does 
not itself create a dangerous condition, and the actual knowledge required for 
liability is of the dangerous condition at the time of the accident, not merely 
of the possibility that a dangerous condition can develop over time. CMH 
Homes, Inc. v. Daenen, 15 S.W.3d 97, 100-02 (Tex. 2000) (holding that the 
defendant’s knowledge that its stair and platform units periodically became 
unstable was not evidence the units were unreasonably dangerous, nor evidence of 
actual or constructive knowledge that a unit had become dangerous when plaintiff 
was injured); see also State v. Gonzalez, 82 S.W.3d 322, 330 (Tex. 2002) 
(holding that evidence that the State “knew the [traffic] signs had been 
repeatedly vandalized does not indicate, either directly or by reasonable 
inference, that [it] actually knew the signs were down before the accident 
occurred”).
Thompson 
argues that the City’s knowledge of past reports of tripping was sufficient. But 
the reports were all far too remote to show that the City knew of a dangerous 
condition at the time Thompson fell.
An expert 
witness for Thompson testified that the City must have known of the dangerous 
condition because its employees were in the vicinity and walking over the 
coverplate in the hours prior to Thompson’s fall. But without evidence showing 
how long the alleged protrusion had existed, the proximity of the employees is 
no evidence of actual knowledge. Wal‑Mart Stores, Inc. v. Reece, 81 
S.W.3d 812, 816 (Tex. 2002) (“An employee’s proximity to a hazard, with no 
evidence indicating how long the hazard was there, merely indicates that it was 
possible for the premises owner to discover the condition 
. . . .”); Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 
296 (Tex. 1983) (holding that plaintiff failed to show actual knowledge when the 
evidence did not show the condition had existed “a sufficient time to impute 
knowledge” to the defendant).
Finally, the 
City’s use of an additional screw in the coverplate following Thompson’s injury 
is not any evidence of actual knowledge. We said in CMH Homes that 
“[e]vidence that an owner or occupier knew of a safer, feasible alternative 
design, without more, is not evidence that the owner knew or should have known 
that a condition on its premises created an unreasonable risk of harm.” 15 
S.W.3d at 102. Here, there is evidence that additional screws had been added to 
other coverplates, but there was no evidence that a coverplate without the 
additional screw was dangerous when properly tightened. 
Thompson 
failed to present any evidence of the City’s actual knowledge of the protruding 
coverplate. Accordingly, we grant the City’s petition for review and without 
hearing oral argument, Tex. R. App. 
P. 59.1, reverse the judgment of the court of appeals and affirm the 
judgment of the trial court.
 
Opinion 
delivered: December 1, 2006