CITY OF CELINA, Appellant,

v.

Stacey BLAIR, Individually and as Next Friend of Courteney Blair and Caitlin Blair, Appellee.

No. 05–04–01460–CV.

Court of Appeals of Texas, Dallas.

Aug. 4, 2005.

Rehearing Overruled Sept. 22, 2005.

William W. Krueger, III, Rebecca Durrett, Fletcher & Springer, L.L.P., Dallas, TX, for Appellant.

Andrew Korn, David M. Diaz, Korn, Bowdich & Diaz, L.L.P., Dallas, L. Alan Grundy, Austin, for Appellee.

Before Justices WHITTINGTON, FITZGERALD, and RICHTER.

## OPINION

Opinion By Justice FITZGERALD.

Appellee Stacy Blair's husband was killed in a motorcycle accident on a road within the limits of appellant City of Celina. Blair sued the City and the Texas Department of Transportation on a premises liability theory, alleging both a premise defect and a special defect with the road. Blair pleaded that the City's sovereign immunity to premises liability claims had been waived in the Texas Torts Claims Act. The City filed its answer, which included a plea to the jurisdiction, a plea in abatement, special exceptions, and a plea to the jurisdiction. With a single exception,[1] all of the City's pleadings related to the theory that the City did not control the roadway on which the accident occurred so as to allow a premises liability claim against the City to proceed. The trial court denied all of the control-related requests for relief filed by the City, including its plea to the jurisdiction. The City brings a single issue in this interlocutory appeal, complaining that the trial court erroneously denied the City's plea to the jurisdiction. We affirm the trial court's order.

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a

---

1. One of the City's special exception sought a pleading of the maximum amount of damages Blair sought to recover from the City.

cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *Tex. State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Tex. Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.*

■■■ We look first to the petition in the case. The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the petition liberally in favor of the plaintiff, and we look to her intent. *Id.* In this case, Blair's petition included a section titled "Jurisdiction," which stated:

> This Court has jurisdiction over the parties in this action under the Texas Tort Claims Act because the Texas Legislature waived Defendants['] sovereign immunity for claims involving death caused by the condition and/or use of tangible real property. This Court has jurisdiction over the subject matter herein because the amount in controversy is within the jurisdictional limits of the Court.

In the "Factual Background" section, Blair alleged that FM 455, the road on which the accident occurred, "is owned, maintained, and/or controlled by Defendants" and that the "harm-causing incident" was caused by the "defective and dangerous condition" of that road. In a section titled "Waiver of Sovereign Immunity," the petition states:

Defendants may be held to answer in a court of law for the occurrence described herein because Plaintiffs' claims arise from the condition and/or use of tangible real property, so that sovereign immunity is waived under the Texas Tort Claims Act.

Then, in identifying her specific claims against the two defendants, Blair pleaded under the heading "Count I Texas Tort Claims Act (Special Defect)," that the road contained a special defect, which posed an unreasonable risk of harm and recited that the defendants had failed not to injure her decedent through willful, wanton, or grossly negligent conduct. Likewise, under the heading "Count II Texas Tort Claims Act (Premises Defect)," Blair pleaded that the road contained a premises defect, which posed an unreasonable risk of harm, and recited the standard of care that had been violated. Blair attached the police report of the accident to the petition; the report stated that a Celina police officer investigated the accident and issued a citation in connection with that investigation.

■■ The City's plea to the jurisdiction avers that Blair's petition did not identify the statutory basis on which she bases her claim and that the petition "does not explain how the claim escapes sovereign immunity from suit." Blair's pleading identified the specific legislative waiver of immunity on which Blair relied—the Texas Torts Claim Act. She identified the type of claim she was making that was within the Act's statutory waiver—a premises liability claim. She also identified the specific type of premises liability claims she was asserting pursuant to the Act's waiver—a premises defect and a special defect, both relating to the condition of the road where the accident occurred.[2] And finally, she pleaded the

---

2. The City's participation in the functions of constructing, designing, and maintaining

roads is governmental in nature, rather than proprietary. Thus the City is civilly liable for

standard of care that would apply to determine the City's liability under these provisions of the Act. We conclude Blair met her burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

The City argues, however, that even if Blair's pleading were sufficient to invoke a waiver of immunity, the waiver does not apply to the City in this instance. The City asserts that to establish such a waiver under the Act, Blair "must prove the existence of a legal duty owed to her and her minor daughters by the City, and the violation of that duty."[3] In this vein, the City's plea alleges: "Specifically, Defendant City does not own, occupy, control or maintain 15136 W. FM 455." At the hearing on its plea the City offered several affidavits of employees, who testified that the City did not own, occupy, maintain, or control the road in question.[4] From that premise, the City argues that it is not a "possessor" of the road where the accident occurred and, as a result, it owed no duty to Blair. If it owed no duty to Blair, the City argues, there has been no waiver of its sovereign immunity, and Blair's lawsuit may not be maintained.

■ The supreme court recently addressed a plea to the jurisdiction in which undisputed evidence implicated both the court's jurisdiction and the merits of the plaintiff's claim. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). In *Miranda*, the supreme court catalogued the traditional rules for reviewing a trial court's ruling on a plea to the jurisdiction. However, the court went further, stating that when a defendant's jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, we must review the relevant evidence to determine if a fact issue exists. *See id.* at 227. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Id.* at 229. If the evidence creates a fact issue regarding the jurisdictional issue, then the fact issue must be resolved by the fact finder. *Id.* at 227–28. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228.

In *Miranda*, the plaintiff was injured after a tree limb fell on her head at a state park. *Id.* at 221. According to the Court, the plaintiff was required to plead specific facts to establish the Department was grossly negligent in order to state a claim under the Texas Tort Claims Act and the recreational use statute. *Id.* at 230. The Court determined the plaintiff had done so in her third amended petition. This pleading alleged in relevant part that after plaintiff received a state employee's recommendation for a safe camping location and proceeded there, she was struck by a falling tree branch, causing her severe in-

---

damages pursuant to those functions only where the legislature has waived its sovereign immunity in the Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(3), (4).

3. In support of this premise, the City cites two opinions that review the findings of a jury after full trial; they are not relevant to our review of the trial court's ruling on a plea to the jurisdiction.

4. Because of our resolution of the appeal, we need not address whether the affidavits were properly offered for the trial court's consideration. We assume for purposes of this appeal that the affidavits were properly before the court.

juries. *Id.* The pleading further alleged that

the unpruned, uninspected tree branches created a dangerous, defective condition on the premises of which the Department was aware; ... the Department knew of the dangers of its falling tree branches but failed to inspect, prune, alleviate the dangers, or otherwise make safe the dangerous conditions of its trees.

*Id.* Finally, the pleading alleged that the Department failed to warn the plaintiff of the extremely dangerous condition and that the Department's conduct was grossly negligent. *Id.*

The Department challenged plaintiff's pleadings and submitted evidence in the form of an affidavit and deposition to controvert the factual allegations supporting jurisdiction. The Department's evidence showed the park normally inspected and maintained its trees; tree limbs are only pruned or trimmed if dead; the tree limb that fell on plaintiff was living, fell from fifty feet above the campsite, and was not clearly observable without climbing the tree; there was no reason to conclude the tree from which it fell presented a dangerous or hazardous condition; and, although tree limbs have fallen on about twenty occasions, no one has ever been injured. *Id.* at 231. This evidence was sufficient to negate every allegation of gross negligence in the third amended petition.

Plaintiff cited no controverting evidence in her response. *Id.* The court concluded the evidence established the Department was not grossly negligent and that the plaintiff had failed to raise a fact question regarding the Department's alleged gross negligence. *Id.* at 232.

 In this case, the City offered evidence in support of its plea: affidavits of employees, who testified broadly that the City did not own, occupy, maintain, or control the road in question. However, Blair's pleadings included the investigating police officer's report of the accident.[5] That document reported the investigation was performed by a City police officer[6] and that the officer issued a citation as a result of the investigation. These specific allegations suffice to raise a fact issue as to the control of the roadway by the City. The City's evidence did not address, let alone negate, the specific matters raised by the report. Thus, despite the City's affidavits' broad assertions of no control, a fact issue concerning control remains unaddressed. We conclude the City did not conclusively establish its no-duty theory so as to require Blair to come forward with evidence raising a fact issue on her claim. *Cf. id.* (concluding that evidence in record did establish defendant was not grossly negligent, requiring plaintiff to raise fact issue on that issue). At this point in the proceedings, the issue of the City's control over the road in question remains within the province of the trier of fact. *See id.* at 227–28.

---

**5.** Documents constituting all or part of the claim sued on may be made a part of the pleadings by being attached and referred to in the pleading. Tex.R. Civ. Pro. 59. A document so attached shall be deemed a part of the pleading for all purposes. *Id.* A suit brought pursuant to the Texas Tort Claims Act requires that notice of the claim be given to the governmental unit. Tex. Civ. Prac. & Rem. Code § 101.101. Accordingly, to show this part of her claim had been satisfied, Blair attached to her petition the notices of her claim that were sent to the two defendants. Each notice, in turn, attached the police report of the accident at issue in the claim. Thus, the police reports became part of Blair's pleadings for all purposes.

**6.** This allegation is also contained within the petition itself under the heading "Notice & Conditions Precedent."

We conclude the trial court correctly denied the City's plea to the jurisdiction. We overrule the City's issue and affirm the order of the trial court.