# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-05-00654-CV

---

**In the Interest of C. S. and I. P.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. 97-011889, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## O P I N I O N

In this interlocutory appeal, the Texas Department of Family and Protective Services and Carey Cockerell, in his official capacity as its executive director, challenge the trial court's denial of their joint plea to the jurisdiction.[1] The trial court appointed attorney ad litem Richard LaVallo for the purpose of obtaining adoption services for C. S. and I. P., two children in the foster care system. LaVallo filed this lawsuit for declaratory and injunctive relief, requesting that the Department provide an increased adoption subsidy to C. S. and I. P.'s foster parents so that the foster parents could meet the financial requirements for adoption. On appeal, the Department contends that the trial court erred by denying its plea to the jurisdiction because the relief sought by LaVallo is barred by sovereign immunity. We agree with the Department and, accordingly, reverse the trial court's denial of the plea to the jurisdiction.

C. S. and I. P. are siblings who have been in the foster care system since December 1997. The parental rights of their biological parents were terminated in 1999. The Department is

---

[1] We will refer to the Texas Department of Family and Protective Services and Carey Cockerell, in his official capacity as its executive director, collectively as "the Department."

the permanent managing conservator of both children, and it has been searching for an adoptive home for them since January 2000. C. S. and I. P., along with their sibling B.P., have lived with foster parents Charles and Theresa Stewart since August 2001. The Stewarts work for Caring Family Network, a child placement agency. The Department pays Caring Family Network $5,850 per month to provide the children with foster placement, and the Stewarts directly receive $3,150 of this money.

The Stewarts desire to adopt C. S., I. P., and B. P. They are the only family currently willing to adopt these children despite a nationwide search by the Department for an adoptive home.[2] However, if the Stewarts were to adopt the children, they would no longer be eligible to receive foster care payments in the amount of $3,150 per month and would instead qualify for adoption subsidies in the amount of $1,635 per month. Based on the adoption subsidy, the Stewarts do not meet the financial requirements to qualify as an adoptive placement for the children.

In February 2004, the trial court appointed attorney ad litem LaVallo "for the purpose of obtaining appropriate adoptive services, including but not limited to adoption subsidies, to enable the children to be maintained in their current placement as an adoptive placement." In October 2004, LaVallo filed a counterclaim for declaratory and injunctive relief in the trial court as next friend of C. S. and I. P.[3] The counterclaim requested that the trial court "issue a permanent injunction requiring Cross-Respondent Chapmond[4] or his successor to provide Charles and Theresa Stewart

---

[2] C. S. and I. P. are teenagers with severe emotional and behavioral problems.

[3] Richard LaVallo is an attorney with Advocacy, Inc., the federally funded and authorized protection and advocacy system for Texans with disabilities. He was appointed to represent C. S. and I. P. because of their disabilities. He was not appointed to represent B.P. because B.P. does not have a disability.

[4] Thomas Chapmond was the executive director of the Department prior to Carey Cockerell.

2

with adoption subsidies for [C. S. and I. P.] which are equal to the amount paid to them in foster care payments." In his third amended counterclaim, LaVallo recharacterized the injunctive relief sought, requesting that the trial court issue a permanent injunction to "remove the unconstitutional barriers that prevent [C. S. and I. P.] and their sibling from being adopted by the only available pre-adoptive parents."

In response, the Department filed a plea to the jurisdiction, asserting, inter alia, that LaVallo's counterclaim for declaratory and injunctive relief is barred by sovereign immunity. The trial court held a hearing on the plea to the jurisdiction on September 15, 2005, and entered an order denying the plea. This is an interlocutory appeal of that order.

A plea to the jurisdiction is a dilatory plea used "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *City of Celina v. Blair*, 171 S.W.3d 608, 610 (Tex. App.—Dallas 2005, no pet.). Because the existence of subject matter jurisdiction is a question of law, we review the trial court's denial of the Department's plea to the jurisdiction under a de novo standard. *See Frasier v. Yanes*, 9 S.W.3d 422, 425 (Tex. App.—Austin 1999, no pet.).

Sovereign immunity protects the State from lawsuits for monetary damages absent legislative consent to sue the State. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.) (citing *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997)). Under the doctrine of sovereign immunity, in the absence of legislative consent to suit, a court has no subject

3

matter jurisdiction to entertain a suit against a governmental unit. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Additionally, private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for monetary damages as a declaratory judgment claim or a request for injunctive relief. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002); *County of Galveston v. Tolle*, 176 S.W.3d 859, 863 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In this case, LaVallo requested that the court enter an injunction to "remove the unconstitutional barriers" that prevent C. S. and I. P. from being adopted by the Stewarts. On appeal, he contends that his counterclaim against the Department is not barred by sovereign immunity because it seeks an equitable remedy for a constitutional violation. However, despite its innovative context, the request for injunctive relief is, in fact, a suit for monetary relief. To grant the relief sought in this case, the court would have to order the Department to pay the Stewarts an increased adoption subsidy each month so that they could meet the financial qualifications for adoption. Increasing the amount paid from the Department to the Stewarts each month is the only way the court could remove the alleged "unconstitutional barriers" claimed here. The simple reality of this case is that it is an attempt to force the State to pay money to the Stewarts that the State is not willing to pay on its own volition. Although concealed in injunctive language, this is a suit for monetary relief. Because the legislature has not consented to this suit for monetary relief, it is barred by sovereign immunity. *See IT-Davy*, 74 S.W.3d at 856; *Tolle*, 176 S.W.3d at 863.

LaVallo contends that sovereign immunity does not bar his counterclaim against the Department because the trial court has jurisdiction to order injunctive relief that has a significant impact on the State's budget as was done in several cases addressing the constitutionality of the

Texas public school finance system.  *See Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746 (Tex. 2005);  *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717 (Tex. 1995); *Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.*, 826 S.W.2d 489 (Tex. 1992); *Edgewood Indep. Sch. Dist. v. Kirby*, 804 S.W.2d 491 (Tex. 1991); *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391 (Tex. 1989).  However, all of the cases cited by the ad litem rely on the following unique provision of the Texas Constitution: "it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools."  Tex. Const. art. VII, § 1.  Here, there is no constitutional directive for the legislature to provide adoption subsidies of any amount to potential adoptive parents. Therefore, the school finance cases are distinguishable and do not affect the jurisdictional bar of sovereign immunity in this case.

We reverse the trial court's order denying the Department's plea to the jurisdiction and render judgment dismissing LaVallo's counterclaim for lack of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton, and Waldrop

Reversed and Rendered

Filed:  January 11, 2006

5