**CITY OF ABILENE, Appellant**

**v.**

**Chad CARTER, Appellee**

**No. 11-15-00121-CV**

Court of Appeals of Texas, Eastland.

Opinion filed August 10, 2017

Rehearing Denied October 5, 2017

Amy Gibson, David L. Wiley, Dallas, for Appellee.

T. Daniel Santee, City Attorney, Stanley E. Smith, Assistant, Kelley K. Messer, Assistant, for Appellant.

Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

## OPINION

JOHN M. BAILEY, JUSTICE

In this interlocutory appeal, the City of Abilene appeals the trial court's denial of its plea to the jurisdiction to Chad Carter's suit against the City. Carter brought suit under the Texas Whistleblower Act. In its first issue, the City asserts that the trial court erred by denying its plea to the jurisdiction. The City contends in its second issue that the trial court erred in refusing to rule on its evidentiary objections. We affirm.

### Background Facts

Carter was employed by the City of Abilene as an engineer until his termination. Shortly thereafter, he filed suit against the City under the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002(a) (West 2012). Among other things, Carter alleged in his original petition that the Texas Engineering Practice Act[1] requires cities to have a licensed engineer perform certain public works projects and that the City "chose not to involve a licensed engineer as and when legally required to do so and chose to engage in the unlicensed practice of engineering" in violation of the Texas Engineering Practice Act and the City's own ordinances. He additionally pleaded that

---

1. *See generally* TEX. OCC. CODE ANN. §§ 1001.001–.604 (West 2012 and Supp. 2016).

he initially reported these alleged violations internally to city officials and that he subsequently reported the violations to the Texas Board of Professional Engineers. Carter alleged that he was terminated within ninety days after he notified the Board of the alleged violations. *See id.* § 554.004(a) (If adverse personnel action occurs against a public employee not later than the ninetieth day after the date on which the employee reported a violation of law, there is a rebuttable presumption that the adverse personnel action occurred because the employee made the report.).

The City responded to Carter's original petition by filing a plea to the jurisdiction. The City asserted in the plea that Carter failed to adequately plead that he made a report to an appropriate law enforcement agency as required by the Whistleblower Act. *See id.* § 554.002(a). The City additionally asserted that Carter failed to initiate the City's grievance procedures prior to filing suit. *See id.* § 554.006. We note at the outset that the City is no longer asserting that Carter should have initiated grievance proceedings as a jurisdictional prerequisite under the Act. The City subsequently filed three supplemental pleas to the jurisdiction. In its initial supplemental plea, the City did not allege any additional jurisdictional grounds. Instead, the City attached an affidavit and some discovery responses in support of its grievance ground. As set forth below, the City later filed two additional supplemental pleas to the jurisdiction.

Carter filed an amended petition wherein he expanded upon his original allegations under the Whistleblower Act. This amended pleading is the live pleading assessed by the trial court to determine the City's plea to the jurisdiction. Carter asserted in the amended pleading that the City is required to comply with the Texas Engineering Practice Act, the rules adopted by the Board under the Texas Engineering Practice Act, and city ordinances concerning engineering. Carter provided citations in his amended petition for these laws, rules, and ordinances. He alleged that the Texas Engineering Practice Act prohibits the unlicensed practice of engineering and that it prohibits cities from constructing any public work involving engineering without the participation of an engineer. He cited Sections 1001.301(a) and 1001.407 of the Texas Occupations Code in support of this allegation.

Carter pleaded that he made three reports of law violations by the City: a report to the city attorney, a report to the city manager, and a written report to the Texas Board of Professional Engineers. Carter asserted that he reported the unauthorized practice of engineering and violation of ordinances concerning street work to the city attorney and city manager. With respect to the report to the Board, Carter pleaded that he reported "the unlicensed practice of engineering, violations of the Act including construction of public works, and violations of the [local] Ordinances concerning street work." Carter pleaded that the Board was an appropriate law enforcement authority with respect to violations of the Texas Engineering Practice Act and the Board's rules and that the city attorney and the city manager were also both appropriate law enforcement authorities with respect to violations of the Texas Engineering Practice Act and violations of city ordinances.

Carter attached five exhibits to his amended petition. He referenced these exhibits in his amended petition by footnotes that stated, "See attached Exhibit ____," after sentences that summarized the matters addressed in the exhibits. Exhibits A and B were letters addressed to Carter from an investigator with the Board. Ex-

hibit A acknowledged receipt of Carter's written report to the Board. It additionally advised that the Board would be "initiating a preliminary inquiry to determine whether the provisions of the Texas Engineering Practice Act and Board Rules are being complied with." Exhibit B advised Carter that, "[b]ased on the information you provided and our inquiry of the above matter," the City had entered into an agreement with the Board "that the City of Abilene will not violate any provisions of the Texas Engineering Practice Act or Board Rules on any and all future activities within their control where engineering services are required." Exhibits C and D were copies of information from the City's website explaining the roles of the city attorney and the city manager. Exhibit E consisted of documents relevant to the City's grievance ground.

The City filed its second supplemental plea to the jurisdiction in response to Carter's amended petition. In the second supplemental plea, the City objected to Carter's five exhibits on the basis that they were hearsay and not properly authenticated. The City subsequently filed its third supplemental plea to the jurisdiction in which it objected to evidentiary items contained within an appendix that Carter filed in response to the City's plea to the jurisdiction. Finally, the City filed a separate set of written objections to excerpts of statutes, rules, and local ordinances attached to Carter's written response to the plea to the jurisdiction.

The trial court initially conducted a hearing on the City's plea to the jurisdiction on December 17, 2014. After receiving the parties' announcements and arguments concerning the City's evidentiary objections, the trial court announced that it would continue the proceedings in order for the trial court and the parties to better evaluate the evidentiary objections. The trial court resumed the hearing on the City's plea to the jurisdiction on April 2, 2015. The trial court did not hear or admit any evidence from the parties at the subsequent hearing. Instead, the trial court only received arguments from counsel on the plea to the jurisdiction. The trial court took all matters under advisement at the end of the hearing. The trial court subsequently entered a written order denying the City's plea to the jurisdiction.

## Analysis

■■■ "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject-matter jurisdiction is a question of law. *Id.* at 226. Therefore, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.*

■■■ "Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Sovereign immunity shields the state from suit unless it expressly consents to being sued. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the state, including cities. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Sovereign and governmental immunity in Texas embodies two concepts: immunity from liability and immunity from suit. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Immunity from liability pro-

tects governmental entities from judgments, while immunity from suit completely bars actions against those entities unless the legislature expressly consents to suit. *Reata Constr. Corp.*, 197 S.W.3d at 374. Immunity from suit deprives the courts of subject-matter jurisdiction and thus completely bars the plaintiff's claim. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).

Governmental immunity is properly asserted in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26. A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding his allegation of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts. *Id.* at 226–27; *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). While the City initially raised an evidentiary challenge to Carter's compliance with grievance procedures, it is now only challenging the sufficiency of Carter's pleadings.

A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* We must accept as true all factual allegations in the petition, construe the pleadings liberally, and look to the pleader's intent. *Id.* at 226–27.[2]

The City asserts in it its first issue that the trial court erred in denying its plea to the jurisdiction because Carter

failed to make a good faith report of a violation of law to an appropriate law enforcement authority. Section 554.0035 of the Texas Government Code waives sovereign immunity when a public employee alleges a violation of the Whistleblower Act. Gov't § 554.0035; *see Univ. of Houston v. Barth*, 403 S.W.3d 851, 854 (Tex. 2013). The Whistleblower Act protects public employees who in good faith report violations of law to an appropriate law enforcement authority. Gov't § 554.002(a); *see Tex. Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 612 (Tex. 2014). To satisfy this requirement, a plaintiff seeking the Act's protection must prove that the report was made to an appropriate law enforcement authority or that the employee had a good faith belief that it was. *Id.* at 613–14 (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002)). "[A] report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." Gov't § 554.002(b).

The City contends that Carter failed to plead the specific alleged violations of law that he reported and that, because of this omission, we cannot ascertain if the Texas Board of Professional Engineers, the city attorney, and the city manager are appropriate law enforcement authorities under the Whistleblower Act. We agree with the City that the particular law that was reportedly violated is critical to a determination of whether the authori-

---

**2.** *Miranda* also sets the standard of review when the governmental unit challenges the existence of jurisdictional facts and the parties submit evidence relevant to a jurisdictional challenge. 133 S.W.3d at 227. The standard

of reviews mirrors that of a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228; *see Garcia*, 372 S.W.3d at 635.

ty is an appropriate law enforcement authority. *McMillen v. Tex. Health & Human Servs. Comm'n*, 485 S.W.3d 427, 429 (Tex. 2016) (citing *Needham*, 82 S.W.3d at 321). However, we disagree with the City's contention that Carter did not adequately plead the legal violations that he reported to the Texas Board of Professional Engineers.

As noted previously, we must accept as true all factual allegations in Carter's petition, construe the pleadings liberally, and look to his intent in assessing the adequacy of his pleading of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. Carter pleaded that the Texas Engineering Practice Act prohibits the unlicensed practice of engineering and that the Act prohibits cities from constructing any public works involving engineering in which the public health, welfare, or safety is involved unless an engineer is involved in the planning and construction. He supported these allegations with citations to Sections 1001.301(a) and 1001.407 of the Occupations Code. Carter further alleged that he submitted a written report in excess of 100 pages to the Texas Board of Professional Engineers detailing among other things his allegations pertaining to the unlicensed practice of engineering by the City and violations of the Texas Engineering Practice Act pertaining to the construction of public works.

Carter further alleged that the Texas Board of Professional Engineers is an appropriate law enforcement authority with respect to a violation of the Texas Engineering Practice Act and the Rules adopted by the Board under the Act. He supported these allegations by pleading the statutory authorization and purpose of the Texas Board of Professional Engineers. *See* OCC. § 1001.101 (the Board is appointed by the governor with advice and consent of the senate); *id.* § 1001.201(a) (the Board administers and enforces the Texas Engineering Practice Act); *id.* § 1001.202 (the Board may adopt and enforce rules necessary to regulate the practice of engineering); *see also* 22 TEX. ADMIN. CODE § 131.1(a) (2016) (Tex. Bd. of Prof'l Eng'rs, Organization and Administration) ("The board is statutorily empowered to regulate the practice of engineering in Texas."). Carter additionally pleaded that the Board responded to his report by initiating an inquiry and subsequently entering into a compliance agreement with the City.

Carter pleaded that he reported to the Texas Board of Professional Engineers that the City violated provisions of the Texas Engineering Practice Act and the rules adopted by the Board. He additionally pleaded that the Board initiated an inquiry based upon his report and that the Board and the City entered into a voluntary compliance agreement as a result of his report. Finally, he pleaded that he was terminated as a result of the report that he made to the Board. The Whistleblower Act's definition of "law" includes a state statute and rules adopted under a statute or ordinance. *See* GOV'T § 554.001(1). The enabling statutes for the Texas Board of Professional Engineers cited by Carter in his pleadings establish that the Board is an appropriate law enforcement authority authorized to "regulate under or enforce" violations of the Texas Engineering Practice Act and Board rules enacted under the Act. *See* GOV'T § 554.002(b)(1). Accordingly, we overrule the City's first issue. In doing so, we note that we have not reached the merits of Carter's claims, and we express no opinion in that regard. Furthermore, we do not reach the contentions concerning whether the reports to the city attorney and the city manager constituted reports to appropriate law enforcement authorities.

The City asserts in its second issue that the trial court erred by failing to rule on

and sustain its evidentiary objections to Carter's evidence. As stated, this issue appears misplaced for two reasons: (1) on appeal, the City is only challenging the sufficiency of Carter's pleadings and (2) the trial court did not receive any evidence at the hearing on the plea to the jurisdiction. However, the City has clarified that it is appealing the trial court's possible consideration of two matters: (1) the exhibits attached to Carter's amended petition and (2) excerpts of the Texas Engineering Practice Act and the rules promulgated by the Texas Board of Professional Engineers and excerpts of city ordinances.

We review a trial court's evidentiary rulings for abuse of discretion. *See Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* Unless the trial court's erroneous evidentiary ruling probably caused the rendition of an improper judgment, we will not reverse the ruling. *Id.*

We will first address the City's objections to the excerpts of the statutes, rules, and ordinances. The City objected to these materials on the basis that they were not timely filed in accordance with the trial court's scheduling order. The trial court overruled the City's objection at the hearing on the basis that the excerpts were "public record" and would be considered like any other statute in assessing the City's jurisdictional plea. Thus, the trial court did not receive the excerpts as evidence. We conclude that the trial court did not abuse its discretion in making this ruling. Furthermore, we have not utilized these excerpts of the law in our de novo review of the sufficiency of Carter's pleadings.

The City objected to the five exhibits attached to Carter's amended pleading on the basis that they were hearsay and not properly authenticated. The City additionally asserted that the exhibits could not be considered in assessing the sufficiency of Carter's pleadings because they were not incorporated by reference in his amended pleading. We restrict our consideration to the City's first two exhibits because they are the only matters that are relevant to our disposition of the first issue. These two exhibits are the letters from the Texas Board of Professional Engineers referenced above.

As correctly noted by the City, simply attaching a document to a pleading does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements. *See Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex. App.—San Antonio 2004, no pet.). However, these exhibits were not admitted as evidence before the trial court. Accordingly, we conclude that the trial court did err by not considering the City's evidentiary objections to the exhibits.

Documents constituting all or part of the claim sued on may be made a part of the pleadings by being attached and referred to in the pleading. Tex. R. Civ. P. 59; *see City of Celina v. Blair*, 171 S.W.3d 608, 612 n.5 (Tex. App.—Dallas 2005, no pet.). Rule 59 provides that a document attached and referred to in a pleading shall be deemed a part of the pleading for all purposes. *See Blair*, 171 S.W.3d at 612 n.5.

The City contends that documents attached to pleadings must be formally incorporated by reference in order for them to be considered as part of the pleadings under Rule 59. However, the City has not cited any authority that Rule 59 requires specific language formally in-

corporating attached documents as a part of the pleadings. To the contrary, courts have held that the attachment of documents to pleadings and a simple reference to them in the pleadings makes them a part of the pleadings for all purposes under Rule 59. *See HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 775–76 (Tex. App.—Dallas 2012, pet. dism'd); *Quality Hardwoods, Inc. v. Midwest Hardwood Corp.*, No. 2-05-311-CV, 2007 WL 1879797, at *2 n.5 (Tex. App.—Fort Worth June 28, 2007, no pet.) (mem. op.); *Blair*, 171 S.W.3d at 612 n.5. Thus, exhibits attached to and referred to in pleadings may be considered when determining whether the plaintiff has stated a cause of action. *See Hillson Steel Products, Inc. v. Wirth Ltd.*, 538 S.W.2d 162, 166 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ).

Carter contends that the allegations that he pleaded in the amended petition itself are sufficient to allege jurisdictional facts without reliance on the exhibits attached to it. We agree. Carter pleaded:

> In this case, the Board launched an inquiry as a result of the report from Mr. Carter of violations of law. [*See* attached Exhibit A.] After giving the City an opportunity to respond, the Board ultimately entered an agreement of voluntary compliance with the City to resolve the violations of law that were included in the report. [*See* attached Exhibit B.]

(Text of footnotes inserted in brackets). Thus, Carter pleaded the same general information as contained in the two exhibits. As noted previously, the applicable standard of review requires these allegations to be accepted as true. *Miranda*, 133 S.W.3d at 226–27. Accordingly, any error by the trial court concerning these exhibits could not have caused the rendition of an improper verdict. *See Malone*, 972 S.W.2d at 43. Moreover, we disagree with the City's contention that Carter did not sufficiently reference the exhibits in his pleadings in order for them to be considered a part of his pleadings under Rule 59. We overrule the City's second issue.

*This Court's Ruling*

We affirm the order of the trial court denying the City's plea to the jurisdiction.