**Affirmed and Memorandum Opinion filed May 3, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00506-CV

---

### JEFF BRICE, JR. AND DOROTHEA BRICE, PARENTS OF S.B., A CHILD, Appellants

### V.

### THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, AN AGENCY OF THE STATE OF TEXAS, Appellee

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-68803**

---

## MEMORANDUM OPINION

The parents of a minor appeal the trial court's order granting the jurisdictional plea of a state agency asserting sovereign immunity against the claims for money damages asserted by the parents. Because the parents have not shown a waiver of the agency's sovereign immunity as to their claims, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants/plaintiffs Jeff Brice, Jr. and Dorothea Brice are the parents of S.B., a minor. Appellee/defendant The Texas Department of Family and Protective Services, an Agency of the State of Texas (hereinafter the "Department") filed in the trial court a petition seeking an emergency order and writ of attachment to remove S.B. from the Brices' home. After a hearing, the trial court signed an order appointing the Department as the temporary managing conservator of S.B. (the "First Order"). The Brices allege that almost one year after signing this order the trial court signed a summary-judgment order in which the court set aside this order and reestablished the Brices as S.B.'s managing conservator (the "Second Order).

The Brices then filed this case as a separate suit in the trial court below against the Department. The Brices alleged that they were not allowed to see S.B. during the almost one-year period in which the First Order was in effect. According to the Brices, the trial court's summary-judgment ruling in the Second Order established as a matter of law that "the Department's seizure of [S.B.] was illegal, improper and not in the child's best interest." The Brices alleged that the Department's action violated "the statutory rules which govern [its] actions, and the State and Federal Constitution[s], which recognize the parent-child relationship as one of the most valuable constitutional rights of citizens of our country which should not be improperly violated by any State." The Brices asserted that S.B. suffered psychological, sociological, emotional, and educational injuries as a result of being taken from his parents, and therefore, the Brices sought to recover $750,000 in money damages from the Department on S.B.'s behalf, as well as reasonable attorney's fees. The Brices did not cite any statute as a basis for their claims or as a basis for any alleged waiver of the Department's sovereign immunity.

The Department filed a plea to the jurisdiction asserting that the Brices had not carried their burden of demonstrating the trial court's jurisdiction by alleging a valid waiver of the Department's sovereign immunity. The Department asserted that the trial court lacked subject-matter jurisdiction over this case due to the Department's sovereign immunity. After a hearing, the associate judge recommended that the trial court grant the Department's jurisdictional plea, and the trial court signed an order granting the plea and dismissing the Brices' claims with prejudice. The Brices timely requested a de novo hearing before the trial court, asserting that the associate judge erred in concluding that the Department's jurisdictional plea should be granted. After conducting a de novo hearing, the trial court denied relief. The Brices have timely appealed the trial court's order granting the Department's jurisdictional plea.

## II. ISSUES AND ANALYSIS

### A. Did the trial court err in granting the Department's jurisdictional plea?

By their first issue, the Brices challenge the trial court's order granting the Department's jurisdictional plea and dismissing their claims for lack of jurisdiction based on the Department's sovereign immunity. A defendant may seek a dismissal on the ground that the trial court lacks subject-matter jurisdiction over claims against that defendant due to sovereign immunity by filing a plea to the jurisdiction. *See City of Dallas v. Carbajal,* 324 S.W.3d 537, 538 (Tex. 2010). Whether a court has jurisdiction is a question of law that we review de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). When, as in today's case, a party has filed a plea to the jurisdiction challenging the pleadings, we must construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A party suing a governmental entity bears the burden of

affirmatively demonstrating the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine if the party has met that burden, we consider the facts alleged by the party and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties. *Id.*

Because the Department is an agency of the State of Texas, the Department generally enjoys sovereign immunity. *See In re K.G.S.*, No. 14-12-00673-CV, 2014 WL 801127, at *5, *9 (Tex. App.—Houston [14th Dist.] Feb. 27, 2014, no pet.) (mem. op.). Sovereign immunity has two components: immunity from liability and immunity from suit. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). When a state agency enjoys immunity from suit under the doctrine of sovereign immunity, a court lacks subject-matter jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

This case does not involve an ultra vires claim, a claim in which a plaintiff may sue state officers in their official capacity without a statutory waiver of immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 371–73 (Tex. 2009). Even if the Brices tried to assert an ultra vires claim against the Department, it would be barred by sovereign immunity. *See id.* at 372–73. The Brices do not assert that the non-statutory waiver of immunity from the *Reata* case applies, and even if they did, the record does not support a waiver of sovereign immunity under the *Reata* case. *See Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 373 (Tex. 2006). In this context, for there to be a waiver of the Department's sovereign immunity as to the Brices' claims, the Texas Legislature must have waived the Department's sovereign immunity by clear and unambiguous language in a statute or legislative resolution or the United States Congress must have enacted a statute pursuant to section 5 of the Fourteenth Amendment unequivocally

4

expressing Congress's intent to waive the Department's sovereign immunity as to the Brices' claims. *See* U.S. Const. Amend. XIV, §5 (stating "[t]he Congress shall have power to enforce, by appropriate legislation, the provisions of this article"); Tex. Civ. Prac. & Rem. Code Ann. § 107.001, *et seq.* (West, Westlaw through 2021 C.S.) (providing procedure for seeking legislative resolution granting permission to sue "the state or any of the agencies of government that collectively constitute the government of this state"); Tex. Gov't Code Ann. § 311.034 (West, Westlaw through 2021 C.S.) (stating that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309–10, 105 L.Ed.2d 45 (1989) (stating that the Eleventh Amendment to the United States Constitution bars claims against a State seeking a remedy for alleged deprivations of civil liberties unless the State has waived its immunity or unless Congress has exercised its power to abrogate that immunity under section 5 of the Fourteenth Amendment); *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018) (stating that for the Texas Legislature to waive sovereign immunity it must do so by clear and unambiguous language in a statute or legislative resolution); *In re K.G.S.*, 2014 WL 801127, at *5–*9 (concluding that the Department has sovereign immunity from suit unless (1) Congress has abrogated the Department's sovereign immunity under section 5 of the Fourteenth Amendment; (2) the Texas Legislature has waived the Department's sovereign immunity by clear and unambiguous language; or (3) the Department's sovereign immunity is waived under the *Reata* case).

In their first issue, the Brices ask "[d]oes the failure of the State of Texas to formally waive its immunity against being sued by the parents of a child for its improper removal of that child from the parents['] care . . .bar [the Brices] from

5

filing this suit against [the Department]?" In the same issue, the Brices state that the Department was "not granted immunity under the immunities granted under the Texas Family Code." The Brices suggest that although there is no unambiguous legislative waiver of the Department's sovereign immunity, the Department has no sovereign immunity in this case because no statute establishes this immunity. This is not how sovereign immunity works. The courts—not Congress or the Texas Legislature—created the doctrine of sovereign immunity; yet in most cases the courts require clear and unambiguous legislative action before the courts will conclude that sovereign immunity has been waived in a particular case. *See Reata Const. Corp*., 197 S.W.3d at 374–75; *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847); *Board of Land Comm'rs v. Walling,* Dall. 524, 1843 WL 3919 (Tex. 1843); *In re K.G.S.*, 2014 WL 801127, at *5–*9.

The Brices do not assert that the Texas Legislature has waived the Department's sovereign immunity in a statute or legislative resolution or that the United States Congress has enacted a statute pursuant to section 5 of the Fourteenth Amendment unequivocally expressing Congress's intent to waive the Department's sovereign immunity as to the Brices' claims. The Brices do assert that the Fourteenth Amendment's Due Process Clause gives parents rights as to the care, custody, and control of their children. *See* U.S. Const. amend. XIV, § 1. The Brices also cite the Texas Constitution's due course of law provision and state that there is no meaningful distinction between this provision and the Fourteenth Amendment's Due Process Clause. *See id*.; Tex. Const. art. I, § 19. Because the Brices have not briefed an argument that any due course of law analysis differs from the analysis under the Fourteenth Amendment's Due Process Clause, we presume without deciding that the analysis under the Texas Constitution's due course of law provision mirrors the analysis under the Fourteenth Amendment's Due Process Clause. *See Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 338 (Tex.

6

App.—Houston [14th Dist.] 2017, no pet.). The Fourteenth Amendment's Due Process Clause does not waive the Department's sovereign immunity.[1] *See Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Wije v. Texas Women's Univ.*, No. 4:14-CV-571, 2015 WL 9872534, at *7 (E.D. Tex. 2015). The Brices did not assert a claim against the Department under title 42, section 1983 of the United States Code based on the alleged violation of their constitutional rights. *See* 42 U.S.C. §1983. Even if the Brices had done so, Congress has not abrogated the Department's sovereign immunity as to claims under this statute, nor has the Texas Legislature waived the Department's sovereign immunity as to such claims. *See* 42 U.S.C. §1983; *Will*, 491 U.S. at 66–67, 109 S. Ct. at 2309–10; *In re K.G.S.*, 2014 WL 801127, at *5.

The Brices rely upon three opinions in cases involving appeals from a judgment terminating parental rights. *See In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019); *In re M.S.*, 115 S.W.3d 534, 549 (Tex. 2003); *In re W.J.H.*, 111 S.W.3d 707, 715 (Tex. App.—Fort Worth 2008, pet. denied). None of these cases are on point because none of them involve a claim against a governmental entity for a money judgment or an issue of sovereign immunity. *See In re N.G.*, 577 S.W.3d at 235; *In re M.S.*, 115 S.W.3d at 549; *In re W.J.H.*, 111 S.W.3d at 715. The Fourteenth Amendment's Due Process Clause provides heightened protection against government interference with a parent's fundamental liberty interest in the care, custody, and control of the parent's child, for example, mandating a clear and convincing evidence standard of proof in parental termination cases. *In re N.G.*, 577 S.W.3d at 235. But this heightened protection does not mean that the

---

[1] Sovereign immunity does not shield the State from a claim based on a taking under article I, section 17 of the Texas Constitution. *See* Tex. Const. art. I, § 17; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). The Brices have not asserted such a taking claim, and the record does not reveal any basis on which the Brices could properly do so.

Department's sovereign immunity has been waived as to claims by a parent for monetary relief based on alleged violations of the parent's fundamental liberty interest. *See Garcia*, 666 F.2d at 966; *Wije*, 2015 WL 9872534, at *7; *In re K.G.S.*, 2014 WL 801127, at *5–6. The Brices cite no case that supports the proposition that the Department's sovereign immunity has been waived as to their claims in this case.

The Brices have not shown that the Texas Legislature has waived the Department's sovereign immunity as to their claims by clear and unambiguous language, nor have the Brices shown that the United States Congress has enacted a statute pursuant to section 5 of the Fourteenth Amendment unequivocally expressing Congress's intent to waive the Department's sovereign immunity as to the Brices' claims. *See Will*, 491 U.S. at 66, 109 S. Ct. at 2309–10; *Garcia*, 666 F.2d at 966; *Nazari*, 561 S.W.3d at 500; *In re K.G.S.*, 2014 WL 801127, at *5–*9; *In re C.S.*, 214 S.W.3d 465, 467–68 (Tex. App.—Austin 2006, no pet.); *Harris County Children Protective Servs. v. Richker*, 2 S.W.3d 741, 743–44 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Concluding that the trial court did not err in granting the Department's plea to the jurisdiction, we overrule the first issue.

## B.    Do the Brices' other issues have merit?

In their second issue the Brices assert that before granting the Department's jurisdictional plea, the trial court should have required the Department to respond to discovery requests that the Brices had served. In their fourth issue, the Brices complain that the Department sought a protective order regarding that discovery even though the Department had allegedly not satisfied the requirements for doing so. The discovery in question addressed the merits of the Brices' alleged claims rather than any issue regarding the Department's sovereign immunity. Because the trial court lacked subject-matter jurisdiction over the Brices' claims based on the

doctrine of sovereign immunity, the trial court also lacked jurisdiction to fashion discovery relief relating solely to merits discovery. *See San Jacinto River Auth. v. Ogletree*, 594 S.W.3d 833, 841 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Therefore, we lack jurisdiction over the second and fourth issues.

In their third issue, the Brices assert that the trial court should have made the Department file objections against any alleged pleading deficiencies in the Brices' suit before the trial court granted the Department's jurisdictional plea. Because the Brices failed to preserve error in the trial court on their third issue, we overrule it. *See Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 107–08 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Under their fifth issue, the Brices assert that if this court determines that the amount of damages they sought on their claims is excessive and forms a basis for the trial court's ruling on the jurisdictional plea, then the Brices should be allowed to amend their petition to seek a different amount of damages. The amount of damages the Brices sought does not affect the Department's immunity from suit under the doctrine of sovereign immunity. Because the condition precedent in this argument has not occurred, we do not address the fifth issue. *See Schwartzott v. Etheridge Property Management*, 403 S.W.3d 488, 503 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

### III. CONCLUSION

The Brices have not shown that (1) the Texas Legislature has waived the Department's sovereign immunity as to their claims by clear and unambiguous language, (2) the United States Congress has abrogated the Department's sovereign immunity under section 5 of the Fourteenth Amendment; or (3) the Department's sovereign immunity has been waived under the *Reata* case. The trial court did not err in granting the Department's plea to the jurisdiction. We lack jurisdiction over

the second and fourth issues, and in the remaining issues, the Brices have not shown that the trial court erred. We affirm the trial court's judgment.


/s/    Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

10